AO 241
(Rev. 06/13)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON

| United States District Court | Case: 4:19-cv-11762 |
|---|---|
| | Judge: Leitman, Matthew F. |
| Name (under which you were convicted): | MJ: Morris, Patricia T. |
| **JEFFREY TODD DENTEN** | Filed: 06-13-2019 At 02:24 PM |
| | HC Jeffrey Denten v John Davis (LG) |

| Place of Confinement : | Prisoner No.: |
|---|---|
| Ionia Correctional Facility, 1576 West Bluewater Highway; Ionia, Michigan 48846 | 288247 |

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| **JEFFREY TODD DENTEN** | **JOHN DAVIS**, Warden |
| v | |

The Attorney General of the State of Michigan

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Genesee County Circuit Court
   900 South Saginaw St.
   Flint, Michigan 48502

   (b) Criminal docket or case number (if you know): **99-004154-FC**

2. (a) Date of the judgment of conviction (if you know):   **May of 1999**

   (b) Date of sentencing: **June 14, 1999**

3. Length of sentence: **Concurrent terms of 40 to 60 years in prison**

4. In this case, were you convicted on more than one count or of more than one crime?   **Yes**   ( ) No

5. Identify all crimes of which you were convicted and sentenced in this case:

   **Three counts of first-degree criminal sexual conduct, for which he was sentenced as a habitual offender second degree.**

6. (a) What was your plea? (Check one)

   |   |   |   |   |
   |---|---|---|---|
   | (1) | **Not guilty** | (3) | ___Nolo contendere (no contest) |
   | (2) | ___Guilty | (4) | ___Insanity plea |

1

AO 241
(Rev. 06/13)

Page 2

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have? (Check one)

**Jury** ( ) Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

**Yes** ( ) No

8. Did you appeal from the judgment of conviction?

**Yes** ( ) No

9. If you did appeal, answer the following:

(a) Name of court: **Michigan Court of Appeals**

(b) Docket or case number (if you know): **COA #220812**

(c) Result: Denied oral arguments and affirmed all three convictions and sentences

(d) Date of result (if you know **May 22, 2001**

(e) Citation to the case (if you know): **People v Denton 2001 Mich App Lexis 440**

(f) Grounds raised: **THE TRIAL COURT ABUSED ITS DISCRETION**

Defendant **firstly** contends that the trial court erred in allowing a police officer to testify under MRE 803(2) as to what the victim told her about the abuse. The Court Appeals agree that the trial court abused its discretion in admitting the evidence under MRE 803(2) because the circumstances surrounding the victim's statements to the police officer indicate that the statements were neither spontaneous nor made while the victim was still under the influence of the excitement caused by the abuse, however, the Court of Appeals held that they will not reverse a case when the trial court reaches the correct result for the wrong reason.

Defendant **secondly** contends that the trial court erred in allowing the victim's mother to testify regarding certain statements by the victim. The Court held because the testimony does not appear to have been outcome determinative, defendant is not entitled to relief on the basis of this unpreserved issue.

(g) Did you seek further review by a higher state court? **Yes** ( ) No

If yes, answer the following:

(1) Name of court: **Michigan Supreme Court**

(2) Docket or case number (if you know): **MSC #119939**

(3) Result:

**Denied on the grounds that they were not persuaded that the questions raised should be reviewed by their court**

(4) Date of result (if you know): **February 4, 2002**

(5) Citation to the case (if you know):     **People v Denton 2002 Mich Lexis 132**

(6) Grounds raised:

## THE TRIAL COURT ABUSED ITS DISCRETION
### For description see Item-99(f)

(h) Did you file a petition for certiorari in the United States Supreme Court?     ( ) Yes    **No** If yes,

answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10.   Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ( ) Yes        **No**

11.   If your answer to Question 10 was "Yes," give the following information:

(a)   (1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

( ) Yes  ( ) No

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: _____

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: _____

    (5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ( ) Yes ( ) No

    (7) Result: _____

    (8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

  Name of court:

    (1) Docket or case number (if you know):

    (2) Date of filing (if you know): _____

    (3) Nature of the proceeding: Motion for Relief from Judgment pursuant to MCR 6.508(D)(3)

    (4) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

AO 241
(Rev. 06/13)

(5) Did you receive a hearing where evidence was given on your petition, application, or motion?

( ) Yes   ( ) No

(6) Result: _____

(7) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:      ( ) Yes      ( ) No

(2) Second petition:    ( ) Yes      ( ) No

(3) Third petition:      ( ) Yes      ( ) No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

**THE PETITIONER ARGUES THAT HIS RIGHT TO A FAIR TRIAL WAS VIOLATED BY THE PROSECUTION'S WITHHOLDING EVIDENCE FROM THE DEFENSE IN THE FORM OF A MEDICAL REPORT FROM THE HURLEY MEDICAL CENTER AND THAT DUE PROCESS ENTITLES THE PETITIONER TO A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**SEE PETITION FOR A WRIT OF HABEAS SOPPORTING FACTS ANS CONCLUSIONS OF LAW**

(b) If you did not exhaust your state remedies on Ground One, explain why: **The evidence which support this claim was not discovered until recently**.

(c)   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ( ) Yes   **No**

(2) If you did not raise this issue in your direct appeal, explain why: **See-(b) Same as above**

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

**Yes**   ( ) No

(2) If your answer to Question (d)(1) is "Yes," state:

(3) Type of motion or petition: **Motion for Relief from Judgment**

Name and location of the court where the motion or petition was filed:

GENESEE COUNTY CIRCUIT COURT
900 S. SAGINAW STREET
FLINT, MICHIGAN 48502

Docket or case number (if you know): **99-004154-FC**

Date of the court's decision: **September 26, 2007**

Result (attach a copy of the court's opinion or order, if available): **Denied because the Defendant failed to meet his burden if entitlement to a second motion for relief from judgment**.

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | Yes | **No** |
| (4) Did you appeal from the denial of your motion or petition? | **Yes** | ( ) No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | **Yes** | ( ) No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

OFFICE OF THE CLERK
MICHIGAN COURT OF APPEAL
201 WEST BIG BEAVER ROAD, STE-800
TROY, MICHIGAN 48084-4127

Docket or case number (if you know): 99-04154-FC

Date of the court's decision: September 26, 2007

Result (attach a copy of the court's opinion or order, if available): **Denied because the Defendant failed to meet his burden if entitlement to a second motion for relief from judgment**.

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **N/A**

**GROUND TWO:**

**THE PETITIONER IS RELYING ON A CONSTITUTIONAL VIOLATION THAT HE WAS DENIED DUE PROCESS OF LAW WHEN THE PROSECUTION WITHHELD CRITICAL EVIDENCE ESTABLISHING A COLORFUL CLAIM OF ACTUAL INNOCENCE, AND IF PROVEN, NO JUROR WOULD HAVE VOTED TO FIND HIM GUILTY BEYOND A REASONABLE DOUBT**

AO 241
(Rev. 06/13)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**SEE PETITION FOR A WRIT OF HABEAS SOPPORTING FACTS ANS CONCLUSIONS OF LAW**

(b) If you did not exhaust your state remedies on Ground Two, explain why: **N/A**

(c)     **Direct Appeal of Ground Two:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?     ( ) Yes     **No**

        (2) If you did not raise this issue in your direct appeal, explain why: **See (b) below**

(d)     **Post-Conviction Proceedings:**

        (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        **Yes**     ( ) No

        (2)    If your answer to Question (d)(1) is "Yes," state:

        (3)    Type of motion or petition:     **Motion for Relief from Judgment**

Name and location of the court where the motion or petition was filed:

**GENESEE COUNTY CIRCUIT COURT**
**900 S. SAGINAW STREET**
**FLINT, MICHIGAN 48502**

Docket or case number (if you know): **99-004154-FC**

Date of the court's decision:     **July 27, 2007**

Result (attach a copy of the court's opinion or order, if available): **Denied because the Defendant failed to meet his burden if entitlement to a second motion for relief from judgment**.

| | | |
|---|---|---|
| (3) Did you receive a hearing on your motion or petition? | Yes | **No** |
| (4) Did you appeal from the denial of your motion or petition? | **Yes** | ( ) No |
| (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? | **Yes** | ( ) No |

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

**OFFICE OF THE CLERK**
**MICHIGAN COURT OF APPEAL**
**201 WEST BIG BEAVER ROAD, STE-800**
**TROY, MICHIGAN 48084-4127**

Docket or case number (if you know): **99-04154-FC**

AO 241
(Rev. 06/13)

Date of the court's decision: **September 26, 2007**

Result (attach a copy of the court's opinion or order, if available): **Same as Above** _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: **N/A**

_____

_____

_____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two : **N/A**

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court

having jurisdiction? **Yes** ( ) No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

presenting them: _____

_____

_____

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which

ground or grounds have not been presented, and state your reasons for not presenting them: **N/A**

_____

_____

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

that you challenge in this petition? ( ) Yes **No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

of any court opinion or order, if available. _____

_____

_____

_____

_____

_____

_____

_____

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

the judgment you are challenging?        ( ) Yes        **No**

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

raised.    _____

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing: DON'T REMEMBER (**D/R**).

(b) At arraignment and plea:              **D/R**

(c) At trial:                              **D/R**

(d) At sentencing:                         **D/R**

(e) On appeal:                             **D/R**

(f) In any post-conviction proceeding:     **N/A**

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?          ( ) Yes        **No**

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

_____

(b) Give the date the other sentence was imposed: **N/A**

(c) Give the length of the other sentence: **N/A**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?              **Yes**        ( ) No

AO 241
(Rev. 06/13)

18.   TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

A federal habeas court, faced with an actual innocence gateway claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown.  A petitioner invoking the miscarriage of justice exception must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. *Schlup v Delo 513 US 298, 327; 115 SC 851 (1995).*  Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing.  Taking account of the delay in the context of the merits of a petitioner's actual-innocence claim, rather than treating timeliness as a threshold inquiry, is tuned to the exception's underlying rationale of ensuring that federal constitutional errors do not result in the incarceration of innocent persons.  See *Herrera v Collins 506 US 390, 404; 113 SC 853 (1993).*

Factors this court should considered are **(1)** The standard set forth by the United States Supreme Court *McQuiggin v Perkins 569 US 383; 133 SC 1924 (2013)* requires a petitioner to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.  **A fundamental principle of American society is that it is better to let a guilty man go free than to convict an innocent man**.  Although the United States Supreme Court recognizes that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare, the standard nonetheless strikes the appropriate balance between ensuring that an Petitioner's ability to overcome a procedural bar by establishing a credible claim of actual innocence remains extraordinary and still providing an Petitioner with a meaningful avenue by which to avoid a manifest injustice and **(2)** the Courts of the Sixth Circuit is presented with an opportunity to settle a circuit split in this Circuit about whether the "**new**" evidence required under *Schlup* includes only newly discovered evidence that was not available at the time of trial or broadly encompasses all evidence that was not  presented to the fact-finder during trial, i.e., newly presented evidence. This Circuit's opinion in *Souter* suggests that this Circuit considers "**newly presented**" evidence sufficient

which the Courts should address whether there is a meaningful difference between newly discovered and newly presented evidence because the evidence in the present petition demonstrates the Petitioner's innocence is equivalent to the evidence considered new by the _Schlup_ Court where the one-year statute of limitations does not bar this petition from further review because it is based on a creditable of actual innocence, establish by clear and convincing evidence, that but for constitutional error, no reasonable factfinder would have found the Petitioner guilty of the underlying offenses of his incarceration.

Finally, the miscarriage of justice exception, the Supreme Court stated that our decisions bear out, survived AEDPA's passage. For example, in _Calderon_ the Court applied the exception to hold that a federal court may consistent with AEDPA, recall its mandate in order to revisit the merits of a decision, stating (**The miscarriage of justice standard is altogether consistent with AEDPA's central concern that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence**). In House, **the Court reiterated that a prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error**. These decisions by the Supreme Court sought to balance the general interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case of Actual Innocence. Stating that, **Sensitivity to the injustice of incarcerating an innocent individual should not decrease by the impediment of AEDPA's statute of limitations**. The Petitioner in the instant case, however, asserts not an excuse for filing his habeas petition after the statute of limitations has run out. Instead, he maintains that a plea of actual innocence can overcome AEDPA's one-year statute of limitations.

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from

AO 241
(Rev. 06/13)

Page 13

filing by such state action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**RELIEF SOUGHT**

For the reasons stated in this motion it such be presumed that the Petitioner has presented a credible claim of actual innocence that entitles him to review of his habeas petition on the merits, in the alternative, to grant such other relief as this Federal District Court deems just and fair under the circumstances outlined in this motion and supporting brief on the merits.

**DECLARATION OF SERVICE**

The petitioner certify under 28 USC 1746 that a copy of this document was served to all parties by U.S. Mail.

**SUBMITTED BY:**

_Jeffrey D. enton_

JEFFREY TODD DENTEN #288247

**DATED:** 6/8 _____ , 2019

**13**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JEFFREY TODD DENTEN** #288247                     U.S. DISTRICT #
      Petitioner

Vs.                                                 U.S.D.J.

**JOHN DAVIS**, Warden                              U.S.M.J.
      Respondent

_____/

BILL SCHUTTE
ATTORNEY GENERAL
525 WEST OTTAWA STREET, 7th FLOOR
PO BOX: 30212
LANSING, MICHIGAN

JEFFREY TODD DENTEN #288247
IONIA CORRECTIONAL FACILITY
1576 WEST BLUEWATER HIGHWAY
IONIA, MICHIGAN 48846

_____

# DECLARATION OF SERVICE

# MEMORANDUM OF LAW IN SUPPOR OF
# HABEAS CORPUS RELIEF

**By**:    JEFFREY TODD DENTEN #288247
        **In Pro Se**

## TABLE OF CONTENTS

INDEX OF AUTHORITIES ....................................................................................................ii

JURISDICTIONAL STATEMENT ........................................................................................v

QUESTIONS PRESENTED ...................................................................................................vi

STATEMENT OF FACTS ......................................................................................................1

STATUTE OF LIMITATIONS STANDARD OF REVIEW ..................................................3

MISCARRIAGE OF JUSTICE ..............................................................................................4

ACTUAL INNOCENCE ANALYSIS ....................................................................................8

BRADY ANALYSIS...............................................................................................................9

## GROUNDS FOR GRANTING RELIEF

### GROUND ONE

THE PETITIONER ARGUES THAT HIS RIGHT TO A FAIR TRIAL WAS VIOLATED BY THE PROSECUTION'S WITHHOLDING EVIDENCE FROM THE DEFENSE IN THE FORM OF A MEDICAL REPORT FROM THE HURLEY MEDICAL CENTER AND THAT DUE PROCESS ENTITLES THE PETITIONER TO A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE

...........................................................................................................................................10

**STANDARD DF REVIEW** .................................................................................................10

**LEGAL SYNOPSIS**...........................................................................................................11

### GROUND TWO

THE PETITIONER IS RELYING ON A CONSTITUTIONAL VIOLATION THAT HE WAS DENIED DUE PROCESS OF LAW WHEN THE PROSECUTION WITHHELD CRITICAL EVIDENCE ESTABLISHING A COLORFUL CLAIM OF ACTUAL INNOCENCE, AND IF PROVEN, NO JUROR WOULD HAVE VOTED TO FIND HIM GUILTY BEYOND A REASONABLE DOUBT.14

**STANDARD OF REVIEW**..................................................................................................14

**LEGAL SYNOPSIS**...........................................................................................................15

**RELIEF SOUGHT** .............................................................................................................20

i

# INDEX OF AUTHORITIES

## SUPREME COURT CASES

Banks v Dretke 540 US  668; 124 SC 1256 (2004)................................................................7

Bousley v United States 523 US 614; 118 SC 1604 (1998).............................................6, 13

Brady v Maryland 373 US 83; 83 SC 1194 (1963) ..................................................... Passim

Calderon v Thompson 523 US 538; 118 SC 1489 (1998)................................................6, 13

Coleman v Thompson 501 US 722; 111 SC 2546 (1991)....................................................6

Day v McDonough 547 US 198; 126 SC 1675 (2006).......................................................11

Giglio v United States 405 US 150; 92 SC 763 (1972)........................................................5

Herrera v Collins 506 US 390; 113 SC 853 (1993)...................................................4, 5, 13

House v Bell 547 US 518; 126 SC 2064 (2006)...............................................................6, 13

Hysler v Florida 315 US 411; 62 SC 688 (1942) .................................................................5

Kuhlmann v Wilson 477 US 436; 106 SC 2616 (1986) .......................................................6

Kyles v Whitley 514 US 419; 115 SC 1555 (1995) ..........................................................7, 9

McCleskey v Zant 499 US 467; 111 SC 1454 (1991) ..........................................................6

McQuiggin v Perkins 569 US 383; 133 SC 1924 (2013)...............................................13, 14

Mooney v Holohan 294 US 103; 55 SC 340 (1935) .............................................................5

Murray v Carrier 477 US 478; 106 SC 2639 (1986)............................................................5

Pyle v Kansas 317 US 213; 63 SC 177 (1942).....................................................................5

Sawyer v Whitley 505 US 333; 112 SC 2514 (1992)............................................................5

Schlup v Delo 513 US 298; 115 SC 851 (1995)............................................................12, 14

United States Bagley 473 US 667;105 SC 3375 (1985).......................................................8

United States v Agars US 97; 967 SC 2392 (1976)..............................................................8

United States v Bagley 473 US 667; 105 SC 3375 (1985)....................................................7

## FEDERAL CASES

Bell v Bell 470 F3d 739 (6th Cir 2006) ................................................................10

Cannon v Alabama 558 F2d 1211 (5th Cir 1977) ................................................10

Cook v Stegall 295 F3d 517 (6th Cir 2002) .........................................................12

Egeler 512 F2d 221 (6th Cir 1975) .........................................................................5

In re Holland 2013 U.S. App Lexis 21693 .............................................................3

In re Lott 366 F3d 431 (6th Cir. 2004) ...................................................................3

In re McDonald 514 F3d 539(6th Cir 2008) .......................................................3, 7

Keith v Bobby 551 F3d 555 (6th Cir. 2009) ...........................................................3

Lee v Lampert 653 F3d 929 (9th Cir 2011) ....................................................12, 15

Perkins v McQuiggin 670 F3d 665 (6th Cir Mich 2012) .....................................11

Rivas v Fischer 687 F3d 514 (2d Cir 2012) .........................................................14

Smith v Secretary Dept of Corrections 50 F3d 801 (10th Cir 1995) .....................8

Souter v Jones 395 F3d 577 (6th Cir 2005) .............................................11, 14, 15

United States v Buchanan 891 F2d 1436 (10th Cir 1989) .....................................9

United States v Dado 759 F3d 550 (6th Cir 2014) .................................................7

Watkins v Miller, 92 F. Supp. 2d (SD Ind 2000) .................................................10

Wilson v Mitchell 498 F3d 491 (6th Cir 2007) ......................................................6

## STATE CASES

People v Denten 2016 Mich Lexis 1207 MSC #152116 ..........................................2

People v Denten COA #326707 decided on June 22, 2015.......................................2

People v Denten COA #340066 decided on January 26, 2018..................................2

People v Denton 2001 Mich App Lexis 440 COA #220812 ...................................iv

People v Denton 2002 Mich Lexis 132 MSC #119939...........................................iv

People v Denton 2018 Mich Lexis 1789 MSC #157418 ............................................................2

**STATUTES**

28 USC §2244 .............................................................................................v, 4, 11, 13

**RULES**

MCR 6.425(F)(3) ........................................................................................................iv

MCR 6.508 .............................................................................................................10, 17

## JURISDICTIONAL STATEMENT

The Petitioner was convicted in Genesee County by a Jury Trial and a Judgment of Sentence was entered on June 14, 1999. A claim of appeal was filed in the trial court pursuant to the indigent defendant's request for the appointment of appellate counsel as authorized by MCR 6.425(F)(3). The Court of Appeals affirmed the Petitioner's Convictions and Sentences on May 22, 2001. See *People v Denton 2001 Mich App Lexis 440* COA #220812. Rehearing was denied on July 05, 2001. The Michigan Supreme Court denied the Petitioner Leave to Appeal on February 4, 2002. See *People v Denton 2002 Mich Lexis* 132 MSC #119939. The Petitioner did not seek a Writ of Certiorari to the United States Supreme Court nor did he seek relief by way of a Wirt of Habeas Corpus, rather, the Petitioner in the instant case is seeking permission from the Sixth Circuit Court of Appeals asking the Court to allow him to file this Writ of Habeas Corpus in the Federal District Court based on **(a)** a Brady violation and **(b)** a claim that the evidence withheld will show by clear and convincing evidence that the Petitioner in this case is actually innocent. This Court would then have jurisdiction to consider these claims under 28 USC §2244(d)(1)(D) if the court is satisfied by proof that the Petitioner has presented claim of actual innocence focused on a variety of manifest miscarriage of justice entitling him to equitable tolling of AEDPA's limitations period.

## QUESTIONS PRESENTED

**QUESTION ONE**

**WAS THE PETITIONER RIGHT TO A FAIR TRIAL VIOLATED BY THE PROSECUTION'S WITHHOLDING EVIDENCE FROM THE DEFENSE IN THE FORM OF A MEDICAL REPORT FROM THE HURLEY MEDICAL CENTER AND THAT DUE PROCESS ENTITLES THE PETITIONER TO A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE?**

The Petitioner's Answer is "Yes"
The State Answer is "No"

**QUESTION TWO**

**WAS THE PETITIONER'S CONSTITUTIONAL RIGHTS VIOLATION WHEN HE WAS DENIED DUE PROCESS OF LAW WHEN THE PROSECUTION WITHHELD CRITICAL EVIDENCE ESTABLISHING A COLORFUL CLAIM OF ACTUAL INNOCENCE, AND IF PROVEN, NO JUROR WOULD HAVE VOTED TO FIND HIM GUILTY BEYOND A REASONABLE DOUBT?**

The Petitioner's Answer is "Yes"
The State Answer is "No"

**STATEMENT OF FACTS**

The Petitioner was arrested on January 09, 1999 because it was alleged that the Petitioner sexually assaulted a child on three separate occasions, however, the police released the Petitioner from custody, removed him from the child's residence, and the Petitioner had no contact with the alleged victim since that date. On March 11, 1999, the Petitioner was re-arrested. The Petitioner had a jury trial which found guilty of three counts of sexual assault. The Petitioner was sentenced on June 14, 1999 and appealed as of right from his convictions of three counts of first-degree criminal sexual conduct, for which he was sentenced as a habitual offender second degree to concurrent terms of 40 to 60 years in prison.

In the instant case, prior to the Petitioner second arrest, the victim was taken to the Hurley Medical Center Emergency Room where she was examined by a doctor to determine whether the victim was actually sexual assault. The report provided by the Hurley Medical Center clearly indicates that the doctor found no evidence that the victim was sexually assault because her hymen and anal rings was still grossly intact at the time of her examination. See LA-B[1] PSI Description of Offense.[2]

The Petitioner contends that this Medical Report was withheld by the prosecution and would have establish by clear and convincing evidence that the victim was never sexually assault and would have clearly changed the outcome of the Petitioner's jury trial. More importantly, the information contained in this medical report would have changed the Petitioner's defense theory and could have been used to impeached the victim testimony and credibility. With this medical report, the state's case would have been purely circumstantial in the absence of any physical evidence connecting the Petitioner to these crimes.

As indicated herein the Petitioner did not seek a Writ of Certiorari to the United States Supreme Court or relief by way of a Wirt of Habeas Corpus, instead, August 25, 2014 the Petitioner filed in the

---

[1] Hereafter the List of Appendixes shall be known as [LA].
[2] The Victim's name is Ashley McLaren

1

Genesee County Circuit Court a Motion for Relief from Judgment which was denied by the court on October 15, 2014. Thereafter the Petitioner sought relief in the Michigan Court of Appeals which was denied in the *People v Denten COA #326707 decided on June 22, 2015*, likewise, the Michigan Supreme Court denied him Leave to Appeal in the *People v Denten 2016 Mich Lexis 1207 MSC #152116*. The Petitioner in the instant case, filed a second Motion for relief from Judgment on June 29, 2017 asserting newly discovered evidence which would make a different result probable on retrial which was denied on July 27, 2017. The Petitioner appealed by leave to the Michigan Court of Appeals in the *People v Denten COA #340066 decided on January 26, 2018* rising the same issues contained in this petition, likewise, the Michigan Supreme Court denied him Leave to Appeal in the *People v Denton 2018 Mich Lexis 1789 MSC #157418*.

In this case, the Petitioner asserts that the prosecutor had withheld a medical report from Hurley Medical Center by Doctor Gomez relating to the primary examination of the victim on January 09, 1999 and that he was not aware of any medical reports from Hurley Medical Center indicating that there were no signs that the victim had been repeatedly penetrated in her vagina and anal. One month later for some unknown reason, the victim was later seen by Norman Carter Director of the Child Evaluation Clinic at McLaren Regional Medical Center who examined the victim. The prosecutor listed Doctor Carter as a witness who testified at the Petitioner Jury trial that his findings were consistent with repeated virginal and anal penetration. Had the Petitioner known about the existence of the Hurley Medical Report defense counsel would have called Doctor Gomez as a defense witness and while Circuit Judge Judith A. Fullerton identified certain portions of the Petitioner's Trial Transcripts **(1)** identifying the fact that Sergeant Sutter received a copy of this report from the Hurley Medical Center in February of 1999 and **(2)** identified Doctor Carter's Trial testimony transcripts from May 12, 1999, however, Judge Fullerton never identified that portion of the Petitioner's Trial Transcripts that this Hurley Medical Report was known to the defense and that there was testimony about the results of this medical report at the

**2**

Petitioner's Jury Trial.  See LA-D pgs 2-3.  If that was true, then Doctor Gomez would have testified about his preliminary examination and findings that he found no evidence that the victim's vagina and anal showed any signs of repeated sexual penetration.  For the reasons stated herein, the Petitioner asserts that the facts underlying these claims presented in this petition, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the Petitioner guilty of the underlying offense.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions:

**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

**(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

**(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.  28 U.S.C. §2244(d)(1)(A).

But if the petition alleges newly discovered evidence, the filing deadline is one year from the date on which the factual predicate of the claim could have been discovered through due diligence. §2244(d)(1)(D).

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases.  *Holland v Florida 560 US 631, 649; 130 SC 2549 (2010).*   A court may review a time-barred petition only if Petitioner shows (**1**) that he has been pursuing his rights diligently and (**2**) that some extraordinary circumstance stood in his way that prevented the timely filing of the habeas petition.

The Sixth Circuit has observed that the doctrine of equitable tolling is used sparingly by federal courts.  See *Robertson v Simpson 624 F3d 781, 784 (6th Cir 2010).*  The burden is on a habeas petitioner to show that he is entitled to the equitable tolling of the one year limitations period.

**MISCARRIAGE OF JUSTICE EXCEPTION**

A petitioner may overcome the AEDPA time bar with a showing of a miscarriage of justice.  To satisfy this exception, a petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.  *Schlup v Delo 513 US 298, 327; 115 SC 851 (1995).*  In this case, Petitioner provides no new evidence that would justify tolling the limitations period under the miscarriage of justice exception.

For example, in *McQuiggin v Perkins 569 US 383; 133 SC 1924 (2013)* the United States Supreme Court stated that the Antiterrorism and Effective Death Penalty Act of 1996's, time limitations apply to the typical case in which no allegation of actual innocence is made.  The miscarriage of justice exception applies to a severely confined category: **cases in which new evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner**.  28 USC §2244(d)(1)(D) is both modestly more stringent (**because it requires diligence**) and dramatically less stringent (**because it requires no showing of innocence**).  Many petitions that could not pass through the actual innocence gateway will be timely or not measured by §2244(d)(1)(D)'s triggering provision.  That provision, in short, will hardly be rendered superfluous by recognition of the miscarriage of justice exception.  The United States Supreme Court also stated in *Holland v Florida 560 US 631; 130 SC 2549 (2010)* that equitable principles have traditionally governed the substantive law of habeas corpus.  The

**4**

Court's opinion reminded, and affirmed, that the Supreme Court will not construe a statute to displace courts' traditional equitable authority absent the clearest command, and found that the text of 28 USC §2244(d)(1) contains no clear command countering the courts equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition. As the Court observed in Holland, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, seeks to eliminate delays in the federal habeas review process.

The Petitioner in this case like that in Perkins, asserts not an excuse for filing after the statute of limitations has run. Instead, like Perkins, he maintains that a plea of actual innocence can overcome AEDPA's one-year statute of limitations. He thus seeks an equitable exception to §2244(d)(1), not an extension of the time statutorily prescribed. See *Rivas v Fischer 687 F3d 514, 547, n 42 (2012)*(distinguishing from equitable tolling a plea to override the statute of limitations when actual innocence is shown). Thus, the Sixth Circuit has stated in several cases that Perkins' standard of passing through the actual innocence gateway which allows a petitioner to pursue an untimely claim is difficult to meet and applies only in cases in which new evidence shows it is more likely than not that no reasonable jurors would have convicted the Petitioner. Therefore, a petitioner claiming his actual innocence must support his allegations of constitutional error with new, reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness account, or critical evidence physical evidence that was not presented at trial. See *Armstead v Lindsey 2019 U.S. app Lexis 221 and Weatherspoon v Burt 2017 U.S. App Lexis 26797*. A petitioner does not meet the threshold requirement of Perkins unless he persuades the district court that in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty. See *Well v Harry 2017 U.S. App Lexis 27909*.

More than 11 years after his conviction became final, Perkins filed his federal habeas petition, alleging, inter alia, ineffective assistance of trial counsel. To overcome AEDPA's time limitations, he asserted newly discovered evidence of actual innocence, relying on three affidavits, the most recent dated

July 16, 2002, each pointing to Jones as the murderer. The District Court found that, even if the affidavits could be characterized as evidence newly discovered, Perkins had failed to show diligence entitling him to equitable tolling of AEDPA's limitations period. Alternatively, the court found, Perkins had not shown that, taking account of all the evidence, no reasonable juror would have convicted him. The Sixth Circuit reversed. Acknowledging that Perkins' petition was untimely and that he had not diligently pursued his rights, the court held that Perkins' actual innocence claim allowed him to present his ineffective assistance of counsel claim as if it had been filed on time. In so ruling, the court apparently considered Perkins' delay irrelevant to appraisal of his actual innocence claim.

Nevertheless, actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup v Delo 513 US 298, 115 SC 851 (1995)* and *House v Bell 547 US 518; 126 SC 2064 (2006)* or expiration of the AEDPA statute of limitations, as in this case.

In the Instant case, the petitioner asserts that he can overcome AEDPA'S time limitation on the basis of newly discovered evidence and a Brady violation. The Petitioner has submitted **(a)** a copy of one page from his trial transcripts in which the victim testified that she had only went to one Hospital and was examined by one doctor and **(b)** a copy from his PSI report stating that on January 09, 1999, the day the Petitioner was first arrested, the victim was examined by a Doctor at the Hurley Medical Center and who found no evidence that the victim had been sexually assaulted which concerns the government's witness primary and state's lack of evidence on January 09, 1999. The Genesee County Circuit issued a order and opinion which goes on to explain that the victim was examine one month later at the McLaren Regional Medical Center and the Doctor examining the victim discovered that the victim's hymen and anal rings revealed repeated penetrations. See LA-D at pgs 2-3. At trial the victim testified that she had only went to one Hospital and was examined by one doctor. See LA-C TT p-60. More importantly, between January and February of 1999 the Petitioner was removed from the resident where he was living

with the victim and her Mother.  If anything, these documents clear establish, if the victim had been sexually assaulted, it occurred after the Petitioner was arrested on January 09, 1999 and after the victim was examined on January 09,1999 by a Hurley Medical Center Doctor.

In the instant case, like the Sixth Circuit found in *Holland*, the Petitioner must make a prima facie showing that no reasonable factfinder would have found him guilty if this newly discovered evidence was proven and viewed in light of all the evidence presented at his trial.  See 28 USC §2244(b)(2)(B)(ii). From the information provided in this brief, along with the medical report to this court, it does not appear that any physical evidence ties the Petitioner to the crime, or in the alternative, the confliction evidence from this medical report would have generated a different result that no reasonable factfinder would have found him guilty, to which the Petitioner asserts, deserts a fuller exploration in the federal district court. See *McDonald* 514 F3d at 544.

The Petitioner must also identify some constitutional error affecting his convictions.  See 28 USC §2244(b)(2)(B)(ii); *Herrera v Collins 506 U.S. 390, 400; 113 SC 853 (1993)*(Stating claims of actual innocence based upon newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings).  The mere recantation of testimony is not in itself grounds for invoking the Due Process Clause.  Consider *Hysler v Florida 315 US 411, 413; 62 SC 688 (1942)*.  For a conviction based on false testimony to offend due process, there must be the presence of impermissible state involvement in the untruthful testimony.  Consider *Burks v Egeler 512 F2d 221, 225 (6th Cir 1975)*; see also *Pyle v Kansas 317 US 213, 215-16; 63 SC 177 (1942)*.  The Petitioner claim that the prosecution intentionally withheld this medical report and presented conflicting testimony from another medical report, if proven, would indicate a deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with rudimentary demands of justice. Quoting *Giglio v United States 405 US 150, 153; 92*

**7**

*SC 763 (1972)(citing Mooney v Holohan 294 US 103, 112; 55 SC 340 (1935)*; as determined by *Brady v Maryland 373 US 83; 83 SC 1194 (1963)* would satisfy the requirements of 28 USC §2244(b)(2)(B)(ii).

## ACTUAL INNOCENCE ANALYSIS

A plea of actual innocence can overcome many federal limitations regarding the significance of a convincing actual-innocence claim. The United States Supreme Court stated that we have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence. *Herrera v Collins 506 US 390, 404-405; 113 SC 853 (1993)*. The Supreme Court stated however, that we have recognized that a prisoner otherwise subject to defenses of abusive or successive use of the writ of habeas corpus may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence. Id. at 404, 113 SC 853 (citing *Sawyer v Whitley 505 US 333; 112 SC 2514 (1992)* see also *Murray v Carrier 477 US 478, 496; 106 SC 2639 (1986)*(we think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default). In other words, a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief. This rule or fundamental miscarriage of justice exception is grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons. <u>Herrera</u> 506 US at 404. The United States Supreme Court has applied the miscarriage of justice exception to overcome various defaults, these include, successive petitions asserting previously rejected claims, see *Kuhlmann v Wilson 477 US 436, 454; 106 SC 2616 (1986)*; abusive petitions asserting in a second petition claims that could have been raised in a first petition, see *McCleskey v Zant 499 US 467, 494-495; 111 SC 1454 (1991)*; failure to develop facts in state court, see *Keeney v Tamayo-Reyes 504 US 1, 11-12; 112 SC 1715 (1992)*; and failure to observe state procedural rules including filing deadlines, see *Coleman v Thompson 501 US 722, 750; 111 SC 2546 (1991)*; <u>Carrier</u> 477 US at 495-496. The

miscarriage of justice exception, the Supreme Court stated will survived AEDPA's passage. In *Calderon v Thompson 523 US 538; 118 SC 1489 (1998)* applied the exception to hold that a federal court may consistent with AEDPA recall its mandate in order to revisit the merits of a decision. Id. at 523 US 558 (The miscarriage of justice standard is altogether consistent with AEDPA's central concern that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence). In *Bousley v United States 523 US 614, 622 118 SC 1604 (1998)* the court stated that an actual innocence claim may even overcome a prisoner's failure to raise a constitutional objection on direct review. In *House v Bell 547 US 518; 126 SC 2064 (2006)* the court reiterated that a prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error. Id. 547 US at 537-538.

## BRADY ANALYSIS

In *Brady v Maryland 373 US 83; 83 SC 1194 (1963)* the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. See *Wilson v Mitchell 498 F3d 491, 512 (6th Cir 2007)*(quoting *Brady* ibid 373 US at 87). The material which must be disclosed under *Brady* encompasses impeachment evidence as well as exculpatory evidence. *Wilson* ibid 498 F3d at 512 (citing *United States v Bagley 473 US 667, 676; 105 SC 3375 (1985)*). To establish a *Brady* violation, the Petitioner must establish: **(1)** the prosecution suppressed or withheld evidence **(2)** such evidence was favorable to the defense and **(3)** the suppressed evidence was material. See *United States v Dado 759 F3d 550, 559-60 (6th Cir 2014)*.

The materiality requirement is not a sufficiency of the evidence test. See *In re McDonald 514 F3d 539, 545-46 (6th Cir 2008)*(quoting *Kyles v Whitley 514 US 419, 434-35; 115 SC 1555 (1995)*). In other words, a Petitioner is not required to demonstrate that consideration of the undisclosed evidence results in less than sufficient evidence to support his conviction. This is because the possibility of an

acquittal of a criminal charge does not imply an insufficient evidentiary basis to convict. See *In re McDonald* 514 F3d at 546 (quoting *Whitley* 514 U.S. at 434-35). Also, the withheld evidence must be considered collectively, not item by item. *Whitley* supra 514 US at 436-37. The materiality requirement is satisfied where the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict. *Banks v Dretke 540 US 668, 698; 124 SC 1256 (2004)*(quoting *Whitley* supra 514 U.S. at 435). In short, a Petitioner must demonstrate a reasonable probability of a different result. See *Dretke* supra 540 US at 698 (quoting *Whitley* supra 514 US at 434).

For the reasons stated herein this Court should consider the fact that the below claims, if proven, would have generated a different result that no reasonable factfinder would have found the Petitioner guilty, to which the Petitioner asserts, deserts a fuller examination in the federal district court on the merits of these allegations.

## GROUNDS FOR GRANTING RELIEF

### GROUND ONE

**THE PETITIONER ARGUES THAT HIS RIGHT TO A FAIR TRIAL WAS VIOLATED BY THE PROSECUTION'S WITHHOLDING EVIDENCE FROM THE DEFENSE IN THE FORM OF A MEDICAL REPORT FROM THE HURLEY MEDICAL CENTER AND THAT DUE PROCESS ENTITLES THE PETITIONER TO A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

**STANDARD DF REVIEW**

A prosecutor has a duty to provide an accused with all evidence in the state's possession materially favorable to the accused's defense. *Brady v Maryland 373 US 83; 83 SC 1194 (1963)* and

should also be reviewed de novo.  See also *Smith v Secretary Dept of Corrections 50 F3d 801 (10th Cir 1995)*.

## LEGAL SYNOPSIS

In *Brady v Maryland 373 US 83; 83 SC 1194 (1963)* the Supreme Court held that the government in a criminal prosecution must turn over to the defense potentially exculpatory evidence.  Accord also *United States Bagley 473 US 667;105 SC 3375 (1985)*(stating *Brady* applies to impeachment evidence); see also *United States v Agars US 97; 967 SC 2392 (1976)*(stating *Brady* applies even in the absence of request for the evidence by the accused).  With this being said a *Brady* claim has three essential elements: **First**, the evidence in question must be favorable to the accused either because it is exculpatory or because it tends to impeach the credibility of a prosecution witness.  **Second**, the evidence must have been suppressed by the prosecution either willfully or inadvertently.  In a *Brady* analysis, a defendant need not show that the prosecutor intentionally suppressed the information.  A *Brady* violation depends on the character of the evidence and not the character of the prosecutor, however, the prosecution for purposes of such evidence encompasses not only the prosecutor's handling the case but also extends to the prosecutor's entire office as well as law enforcement personnel and other arms of the state involved in any aspects of a particular criminal case, which logically must be assumed, that investigating officers are part of the prosecution in proving guilt or innocence.  See *United States v Buchanan 891 F2d 1436, 1400 (10th Cir 1989)*.  **Third**, prejudice must have resulted, which means a defendant must show a reasonable probability that had the evidence been disclosed to the defendant the result of the trial proceedings would have been different.  See *Bagley* ibid 473 US at 682.  The then question turns to prejudice, meaning whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.  See *Kyles v Whitley 514 US 419; 115 SC 1555 (1995)*.

11

In the instant case, the Petitioner was arrested on two occasions **(a)** on January 09, 1999 and **(b)** was re-arrested again on March 23, 1999. The victim in this case was taken to the Hurley Medical Center Emergency Room on January 09, 1999 where she was examined for a possible sexual assault by Doctor Gomez who filed a state required medical report stating that he found no sighs of vaginal or rectal disruption. See LA-B. The victim in this case was examine one month later by Doctor Norman Carter Director of the Child Evaluation Clinic at McLaren Regional Medical Center who examined the victim and prepared a state required medical report demonstrating that the victim's hymen and anal rings revealed repeated sexual penetrations. See LA-D pgs 2-3.

The Petitioner contends that the previous medical report prepared by Doctor Gomez was withheld by the prosecutor had the potential of changing the outcome of the Petitioner's Jury Trial, specifically, the information would have shed a different light on the state's presentation of evidence and would have changed the Petitioner's theory of his defense by showing the jury that this Medical Report demonstrates that the victim was not sexually assaulted on January 09, 1999 and other documents, such as the police reports, would demonstrate that the Petitioner had no contact with the victim until May 12, 1999 when Petitioner trial proceedings began. Likewise, the information could have been used to impeach the victim, as Well as, her credibility. Here, with the February 09, 1999 medical report, the State's case would have purely circumstantial and without any physical evidence such like DNA evidence, and with no evidence, the juror more than likely would not have found the Petitioner guilty of these charges. See *Watkins v Miller, 92 F. Supp. 2d (SD Ind 2000)*; *Cannon v Alabama 558 F2d 1211, 1215-16, n-10 (5th Cir 1977)*(reversing denial of relief where prosecutor failed to disclose existence eyewitness who would positively identify killer as someone other than the accused); see also *Brady v Maryland* supra; and *Bell v Bell 470 F3d 739 (6th Cir 2006)*.

In the instant case, the Petitioner has demonstrated by clear and convincing evidence that on January 09, 1999 the victim's Mother was advised by Flint Police Sergeant Scott Sutter, the officer in

**12**

charge of this case, to take her daughter to the Hurley Medical Center to get any evidence that her daughter was sexually assaulted. See LA-D p2. Where she was examined for a possible sexual assault by Doctor Gomez who filed a state required medical report stating that he found no sighs of vaginal or rectal disruption. See LA-B. Why the victim was re-examine one month later by Doctor Norman Carter remains a mystery for the state to prove by clear and convincing evidence on why this doctor's report demonstrates that the victim's hymen and anal rings revealed repeated penetrations, if this was true, then Doctor Gomez medical report would have been a reflection of the Doctor Carter's medical report or why the victim testimony exposes the fact that the victim only went to one hospital and was only seen by one doctor and the prosecution never asked the victim to identify which hospital and doctor they were. See LA-C TT p-60 L-13 (**So you went to one doctor and one hospital**) emphasis Added.

Even in a light most favorable to the prosecution Doctor Gomez medical report was favorable to the Petitioner's defense on the charges of his imprisonment, was suppressed or withheld by the prosecution, and was absolutely raised in the state court on collateral review in Michigan's Motion for Relief from Judgment pursuant to MCR 6.508 pleading to the state courts that this evidence was favorable or material to the Petitioner. While that state court did not expressly address why the victim was **(a)** examine on two different occasions or **(b)** why there was obviously two different medical opinions, the fact remains the state courts obviously denied Petitioner's request for relief. For the reasons state herein Petitioner asserts that this type of determination was based on an unreasonable determination of the facts in light of the evidence presented in the state courts that the prosecution suppressed or withheld favorable evidence during the Petitioner jury trial. Accordingly, this claim raises an issue upon which habeas relief may be granted by this court.

## GROUND TWO

**THE PETITIONER IS RELYING ON A CONSTITUTIONAL VIOLATION THAT HE WAS DENIED DUE PROCESS OF LAW WHEN THE PROSECUTION WITHHELD CRITICAL EVIDENCE ESTABLISHING A COLORFUL CLAIM OF ACTUAL INNOCENCE, AND IF PROVEN, NO JUROR WOULD HAVE VOTED TO FIND HIM GUILTY BEYOND A REASONABLE DOUBT**

**STANDARD OF REVIEW**

There is one factor in this case, this court should Court should take into consideration, that the petitioner has never file a habeas petition following the denial by the state's highest court not did he seek a writ of certiorari to the United States Supreme Court where two standards may be applied in this case.

**Firstly**, AEDPA's statutes of limitation prescribe when state prisoners may apply for writs of habeas corpus in federal court, however, the statutes of limitation are not jurisdictional, and do not require courts to dismiss claims as soon as the clock has run.  See *Perkins v McQuiggin, 670 F3d 665 (6th Cir Mich 2012)(quoting Day v McDonough 547 US 198, 208; 126 SC 1675 (2006).*  Likewise, in Souter v Jones 395 F3d 577, 602 (6th Cir 2005) our Sixth circuit held that where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims.  This gateway actual innocence claim the court held does not require the granting of the writ but instead permits the petitioner to present his original habeas petition as if he had not filed it late.  Id. at 596.  A district court's dismissal of a petition for a writ of habeas corpus for failing to comply with 28 USC §2244's statute of limitations is reviewed de novo.  See *Cook v Stegall 295 F3d 517, 519 (6th Cir 2002).*  **Secondly**, as the Sixth Circuit recognized in *Souter* an exception to timeliness should be made in the rare and extraordinary case where a petitioner can demonstrate a credible claim of actual innocence.  Indeed, a credible  claim of actual innocence functions

**14**

as a wholly separate and superceding circumstance that acts as an equitable exception to the statute of limitations. See e.g. *Lee v Lampert 653 F3d 929, 933 at n.5 (9th Cir 2011).*

However, federal habeas jurisprudence also demonstrates that such claims are rare, constituting a narrow class of cases implicating a fundamental miscarriage of justice. As determined in *Schlup v Delo 513 US 298, 314-315, 115 SC 851 (1995).* In <u>Schulp</u> the Supreme Court held that in order to credibly claim actual innocence a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. Id. at 327. Moreover, any such new evidence presented must be reliable, whether it consists of exculpatory scientific evidence, trustworthy eyewitness accounts, or **critical physical evidence that was not presented at trial**. Id. at 324. Thus a petitioner must present more than an existential possibility of innocence that rests on speculation or present arguments that simply revisit minor discrepancies in trial testimony or evidence. A petitioner who can present new and reliable evidence of actual innocence under these exacting standards should be entitled to a review of his claims of constitutional error without the untimeliness of his petition standing in the way is reviewed de novo.

**LEGAL SYNOPSIS**

Judicial precedent holds that to establish actual innocence, a habeas petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him and that actual innocence means factual innocence, not mere legal insufficiency. One way to establish factual innocence is to show an intervening change in the law that establishes the petitioner's actual innocence. This may be achieved by demonstrating **(1)** the existence of a new interpretation of statutory law **(2)** which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions **(3)** is retroactive and **(4)** applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him.

In *McQuiggin v Perkins 569 US 383; 133 SC 1924 (2013)* the Supreme Court discussed the actual innocence exception in the context of state petitioner's untimely filing under 28 USC §2244 describing the actual innocence exception as a fundamental miscarriage of justice exception grounded in the equitable discretion of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons. *McQuiggin* ibid 133 SC at 1931 (quoting *Herrera v Collins 506 US 390, 404; 113 SC 853 (1993)*). Although the Court in *McQuiggin* addressed an evidentiary factual actual innocence claim, i.e. the petitioner claimed that newly discovered facts established his innocence, the Court drew upon its reasoning in several decisions including *Bousley v United States 523 US 614; 118 SC 1604 (1998)* which recognized a fundamental miscarriage of justice exception in the procedural default context.

The miscarriage of justice exception, the Supreme Court stated that our decisions bear out, survived AEDPA's passage. In *Calderon v Thompson 523 US 538; 118 SC 1489 (1998)* the Court applied the exception to hold that a federal court may consistent with AEDPA, recall its mandate in order to revisit the merits of a decision. Id. at 523 US at 558 stating (The miscarriage of justice standard is altogether consistent with AEDPA's central concern that the merits of concluded criminal proceedings not be revisited in the absence of a strong showing of actual innocence). In *Bousley v United States 523 US 614, 622; 118 SC 1604 (1998)* the Court held, in the context of §2255 an actual innocence claim may overcome a prisoner's failure to raise a constitutional objection on direct review. In *House v Bell 547 US 518; 126 SC 2064 (2006)* the Court reiterated that a prisoner's proof of actual innocence may provide a gateway for federal habeas review of a procedurally defaulted claim of constitutional error. Id. 547 US at 537-538.

These decisions by the Supreme Court sought to balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case of Actual Innocence. See *Schlup v Delo 513 US 298, 324; 115 SC 851 (1995)*.

**16**

Sensitivity to the injustice of incarcerating an innocent individual should not decrease by the impediment of AEDPA's statute of limitations.

The Petitioner in the instant case, however, asserts not an excuse for filing after the statute of limitations has run. Instead, he maintains that a plea of actual innocence can overcome AEDPA's one-year statute of limitations. He thus seeks an equitable exception to §2244(d)(1) and not an extension of the time statutorily prescribed in this rule.

In *McQuiggin v Perkins 569 US 383; 133 SC 1924, 1931 (2013)*(citing *Rivas v Fischer 687 F3d 514, 547 n.42 (2d Cir 2012)*(the second circuit noted that some courts have framed the actual innocence question as whether the AEDPA allows for equitable tolling but finding it more accurate to describe the issue as whether an equitable exception exists because the due diligence requirement for equitable tolling is incompatible with a workable actual innocence exception)).

For example, the *Bousley* the Supreme Court properly informs the analysis of an actual innocence claim in the statute of limitations context. See also *Souter v Jones 395 F3d 577, 590, 590 n.5 (6th Cir 2005)*(finding a credible claim of actual innocence based upon newly discovered evidence sufficient to equitably toll the one year statute limitations set forth in §2244(d)(1), noting the teachings of *Bousley*, and observing that the interests that must be balanced in creating an exception to the statute of limitations are identical to those implicated in the procedural default context). Thus, *Bousley* established an analytical framework for addressing actual innocence claims based upon a claim of legal innocence.

The *Bousley* Court held that to establish actual innocence the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him and that actual innocence means factual innocence not mere legal insufficiency.

As the Sixth Circuit Court of Appeals recognized in *Souter v Jones 395 F3d 577, 600 (6th Cir 2005)* an exception to timeliness should be made in the rare and extraordinary case where a petitioner can demonstrate a credible claim of actual innocence. Indeed, a credible claim of actual innocence

functions as a wholly separate and superseding circumstance that acts as an equitable exception to the statute of limitations. *See Lee v Lampert 653 F3d 929, 933 at n.5 (9th Cir 2011).*

The Petitioner in the instant case, reiterates again, that the Supreme Court in *Schulp* held that in order to credibly claim actual innocence a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. That any such new evidence presented must be reliable, whether it consists of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. Id. at 324. Thus a petitioner must present more than an existential possibility of innocence that rests on speculation or present arguments that simply revisit minor discrepancies in trial testimony or evidence. A petitioner claiming Actual Innocence, who can present new and reliable evidence of actual innocence under these standards should be entitled to a review of his claims of constitutional error without the untimeliness of his petition standing in the way.

In the case before this Court as was discussed in Ground-One, the Petitioner was arrested on two occasions **(a)** on January 09, 1999 and **(b)** was re-arrested again on March 23, 1999. The victim in this case was taken to the Hurley Medical Center Emergency Room on January 09, 1999 where she was examined for a possible sexual assault by Doctor Gomez who filed a state required medical report stating that he found no sighs of vaginal or rectal disruption. See LA-B. The victim in this case was examine one month later by Doctor Norman Carter Director of the Child Evaluation Clinic at McLaren Regional Medical Center who examined the victim and prepared a state required medical report demonstrating that the victim's hymen and anal rings revealed repeated sexual penetrations. See LA-D pgs 2-3.

The Petitioner contends that the previous medical report prepared by Doctor Gomez was withheld by the prosecutor had the potential of changing the outcome of the Petitioner's Jury Trial, specifically, the information would have shed a different light on the state's presentation of evidence and would have changed the Petitioner's theory of his defense by showing the jury that this Medical Report demonstrates

that the victim was not sexually assaulted on January 09, 1999 and other documents, such as the police reports, would demonstrate that the Petitioner had no contact with the victim until May 12, 1999 when Petitioner trial proceedings began. Likewise, the information could have been used to impeach the victim, as Well as, her credibility. Here, with the February 09, 1999 medical report, the State's case would have purely circumstantial and without any physical evidence such like DNA evidence, and with no evidence, the juror more than likely would not have found the Petitioner guilty of these charges.

In the instant case, the Petitioner avers that he has demonstrated by clear and convincing evidence that on January 09, 1999 the victim's Mother was advised by Flint Police Sergeant Scott Sutter, the officer in charge of this case, to take her daughter to the Hurley Medical Center to get any evidence that her daughter was sexually assaulted. See LA-D p2. Where she was examined for a possible sexual assault by Doctor Gomez who filed a state required medical report stating that he found no sighs of vaginal or rectal disruption. See LA-B. Why the victim was re-examine one month later by Doctor Norman Carter remains a mystery for the state to prove by clear and convincing evidence on why this doctor's report demonstrates that the victim's hymen and anal rings revealed repeated sexual penetrations, if this was true, then Doctor Gomez medical report would have been a reflection of the Doctor Carter's medical report and the state ignores the that the victim testimony exposes an important element that she only went to one hospital and was only seen by one doctor and the prosecution never asked the victim to identify which hospital and doctor they were. See LA-C TT p-60 L-13 (**So you went to one doctor and one hospital**) emphasis Added.

Even in a light most favorable to the prosecution Doctor Gomez medical report was favorable to the Petitioner's defense on the charges of his imprisonment, was suppressed or withheld by the prosecution, and was absolutely raised in the state court on collateral review in Michigan's Motion for Relief from Judgment pursuant to MCR 6.508 pleading to the state courts that this evidence was favorable or material to the Petitioner. While that state court did not expressly address why the victim was **(a)**

examine on two different occasions or **(b)** why there was obviously two different medical opinions, the fact remains, the state courts obviously denied Petitioner's request for relief.  For the reasons state herein Petitioner asserts that this type of determination was based on an unreasonable determination of the facts in light of the evidence presented in the state courts that the prosecution suppressed or withheld favorable evidence during the Petitioner jury trial regarding his guilt or innocence.

The Petitioner strongly avers that he has established by clearly and convincing evidence a colorful claim of Actual Innocence which demonstrates, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him and that this claim means factual innocence not mere legal insufficiency in his trial proceedings.  Accordingly, this claim raises an issue upon which habeas relief may be granted by this court.

**RELIEF SOUGHT**

For the Reasons stated herein, this Court should grant the Petitioner a writ of habeas corpus based on a colorful claim of actual innocence, or in the alternative hold an evidentiary hearing to determine the the validity of this evidence, schedule briefings if this court determines clarification is necessary or grant such other relief as this court deems just and fair.

**DECLARATION OF SERVICE**

The petitioner certify under 28 USC 1746 that a copy of this document was served to all parties by U.S. Mail.

**SUBMITTED BY:**

JEFFREY TODD DENTEN #288247

**DATED:** 6/8 , 2019

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JEFFREY TODD DENTEN** #288247
          Petitioner                   U.S. DISTRICT #

Vs.                                    U.S.D.J.

**JOHN DAVIS**, Warden          U.S.M.J.
          Respondent

_____/

**LIST OF APPENDICES**

**A.**    Hurley Medical Services Request Form

**B.**    Presentencing Investigation Report p-3 Discussing Hurley Medical

**C.**    Trial Transcripts                    May 12, 1999

**D.**    Court Order and Opinion Denying 6.500 Motion    July 27, 2007

**E.**    Court Order Denying Production of Documents    September 26, 2007

        The petitioner certifies truly that the documents contained in this List of Appendices are true copies from his co-defendant Antonio Hunter #396157.

**DECLARATION OF SERVICE**        **SUBMITTED BY:**

The petitioner certify under 28
USC 1746 that a copy of this        /JEFFREY TODD DENTEN #288247
document was served to all
parties by U.S. Mail.        **DATED:** _____, 2019

**HURLEY MEDICAL SERVICES REQUEST FORM**

**A**



# HURLEY MEDICAL CENTER

# HEALTH INFORMATION SERVICES DEPARTMENT

To Whom It May Concern:

Please be advised that all authorizations for Protected Health Information from Hurley Medical Center Must contain the following:

Must state to HURLEY MEDICAL CENTER

Must be currently dated

Must state what records are to be released, (date of treatment)

Must be signed by the patient or legal next of kin

We have enclosed authorizations for your use.

If you have any questions, please feel free to contact the Correspondence Unit of Health Information Services at 257-9214.

Thank You

One Hurley Plaza    Flint, Michigan 48503-5993   (810) 257-9000

**PRESENTENCING INVESTIGATION REPORT DISCUSSING HURLEY MEDICAL**

B

**DENTON, JEFFREY TODD**                                      99-04154-FC

AGENT'S DESCRIPTION OF OFFENSE - Continued

Upon further investigation, Renae Hippensteal indicated that Ashley told her that her friends at school think sex is kissing, but that she knew that it wasn't. Ms. Hippensteal then asked Ashley if she had any questions or if she needed to tell her anything and Ashley stated "No" and started crying. After further prodding, Ashley told her mother that Jeff had touched her sexually and explained the various ways he would molest her.

On January 9, 1999, Ashley McLaren was taken to Hurley Medical Center Emergency Room where she was examined for possible sexual assault. The Hurley report indicated no signs of vaginal or rectal disruption. However, on February 17, 1999, Ashley was examined at McLaren Hospital and that examination revealed disruption of Hymenal tissue at the 6:00 to 9:00 position, as well as some irritation. Examination of the anus revealed fissures at the 12:00 and 1:00 positions. These findings are consistent with repeated vagina and anal penetration.

COPY.

**MAY 12, 1999 TRIAL TRANSCRIPTS p-60**

c

1   Q    Did you ever talk to a doctor?

2   A    Yes.

3   Q    One doctor, two doctors, three doctors?

4   A    One.

5   Q    One doctor.  Have you ever gone to the hospital?

6   A    Yes, and --

7   Q    One hospital, two hospitals?

8   A    One hospital to get -- to get a check up and to see if

9        there was any fiscal -- physical evidence.

10  Q    Well, those are pretty big words.  How did you learn about

11       physical evidence?

12  A    My mom told me.

13  Q    Okay.  So you went to one doctor and one hospital?

14  A    Yes.

15  Q    At the hospital, did you talk to anybody other than the

16       doctor?

17  A    Um, no.

18  Q    Okay.  And I'm hearing you have a counselor.

19  A    Yes.

20  Q    Who's that?  Do you know her name, his name?

21  A    Yes.

22  Q    Her?

23  A    Her.

24  Q    Who is it?

25  A    Alice.

-60-

**JULY 27, 2007 COURT ORDER AND OPINION DENYING 6.500 MOTION**

**D**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff,

CASE NO. 99-004154-FC

v.

JUDGE JUDITH A. FULLERTON

JEFFREY TODD DENTON,

Defendant.

A TRUE COPY
Genesee County Clerk

---

## OPINION AND ORDER DENYING DEFENDANT'S SECOND
## MOTION FOR RELIEF FROM JUDGMENT

Defendant was jury convicted of three counts of first-degree criminal sexual conduct, [MCL 750.520b(1)(a)] as a habitual offender second offense, and sentenced to three concurrent terms of 40 to 60 years in prison, on June 15, 1999.

Defendant's convictions and sentences were affirmed by the Michigan Court of Appeals on May 22, 2001. (COA: 220812). Rehearing was denied on July 5, 2001. His delayed application for leave to appeal to the Michigan Supreme Court was denied on February 4, 2002. (SC: 119939).

A post-conviction motion was filed on August 25, 2014, appeared to be and was treated as a motion for relief from judgment pursuant to MCR 6.500. That motion was denied on October 15, 2014. Defendant's Motion for Reconsideration was denied on January 20, 2015. Defendant's delayed application for leave to appeal was denied by the Michigan Court of Appeals on June 22, 2015. (COA: 326707). The Michigan Supreme Court denied his application for leave to appeal on June 28, 2016. (SC: 152116).

On June 29, 2017, Defendant Denton filed a motion entitled "Motion for Relief from Judgment". He asserts entitlement to a second or subsequent motion under MCR 6.502 (G)(2) alleging that there is new evidence that was not discovered before the first such motion. Newly discovered evidence is evidence that is not cumulative and which the party could not, using reasonable diligence, have discovered and presented at trial, and which would make a different result probable on retrial. *People v Cress*, 468 Mich 678, 692; 644 N.W. 2d 174 (2003). He asserts the prosecutor withheld a medical report from Hurley Medical Center, and that the defense was not aware of any medical reports from Hurley Medical Center relating to the examination of the victim, Ashley McLaren in the Emergency Room (on January 9, 1999) which report indicated no signs of vaginal or rectal disruption. Defendant refers to page three of his Presentence Investigation Report to confirm the existence of such a report and asserts that this evidence "would have changed the entire complexion of the trial and would have been crucial to the jury's determination of the defense of actual innocence."

However, Defendant's claim of newly discovered evidence is not supported by the trial transcript. Indeed, Sergeant Scott Sutter, the officer in charge of this case from the Flint Police Department, testified at the jury trial on May 12, 1999, about having the victim's mother, Renae Hippensteel, take the victim, her daughter, Ashley McLaren, to Hurley Hospital "to get any evidence" since this was a sexual assault case. (Trial Transcript[1], Vol I p 249). On cross-examination by defendant's attorney, testimony was elicited that when Ashley was examined at the Hurley Emergency Room, by a Dr. Gomez,

---

[1] Trial Transcript is herein after referred to as TT.

2

no abnormalities were found. (TT p 251-252). This information was contained in a report Sgt. Sutter received from Hurley in February of 1999. (TT p251 and 253).

The victim, Ashley McLaren, was later seen by Norman Carter, MD, director of the Child Evaluation Clinic at McLaren Regional Medical Center. (TT 199). Dr. Carter performed a medical examination to determine whether she might have been a victim of child sexual abuse. (Tr 205-206). He testified as to his findings, and stated at 208:

> These findings are consistent with repeated vaginal and anal penetration.

Defendant testified at trial, and denied the alleged sexual acts. (TT pp 258 and 262).

There is no newly discovered evidence in the form of a report from Hurley Medical Center. The report was known to the officer in charge, the prosecutor, and to the defendant's attorney. There was testimony about the report and result of the examination at Hurley at defendant's trial.

The jury determined the credibility of the various witnesses, and found the Defendant guilty of three counts of First Degree Criminal Sexual Conduct [MCL 750.520b (1)(a)] on May 13, 1999.

Accordingly, defendant has failed to meet his burden of entitlement to a second motion for relief from judgment, and said motion is hereby DENIED.

It is so ordered.

Dated: July 27, 2017

Judith A. Fullerton
Circuit Judge

cc: Prosecutor
     Jeffrey Denton

3

**SEPTEMBER 26, 2007 COURT ORDER DENYING PRODUCTION OF DOCUMENTS**

**E**

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF GENESEE**

PEOPLE OF THE STATE OF MICHIGAN,          CASE NO.    99-04154-FC

      Plaintiff,

                              HON. JUDITH A. FULLERTON

v.

JEFFREY TODD DENTON,

      Defendant.

> **A TRUE COPY**
> Michael J. Carr, Clerk

_____/

## ORDER DENYING DEFENDANT'S REQUEST
## FOR THE PRODUCTION OF DOCUMENTS

    Defendant Jeffrey Denton has requested that this Court provide him with certain documents and transcripts, as follows: police reports, reports made by Dr. Gomez and Dr. Carter, transcripts of bench conferences, transcripts of side-bar conferences, and transcripts of the jury instruction conference.

    The requested police reports, and the reports of Dr. Gomez and Dr. Carter, are not a part of the court file, therefore, cannot be provided.  MCR 6.433(C)(2).  Bench conferences and side bar conferences are not recorded, as such, transcripts thereof cannot be made or provided.  Defendant has also requested a transcript of the jury instruction conference.  It should be noted that the defendant was provided a copy of the entire jury trial transcript on April 2, 2007—all references to jury instructions are contained therein.  Accordingly, the transcript regarding jury instructions has already been provided.  MCR 6.433(C)(1).

    NOW, THEREFORE, IT IS ORDERED that Defendant's request for production of documents is hereby **DENIED**, for the reasons outlined above.

Dated: ____9-26-07____          _____
                                      Judge Judith A. Fullerton

RECEIVED

JUN 13 2019

CLERK'S OFFICE
U.S. DISTRICT COURT

Jeffrey Denton #288247
JCF
1576 W. Bluewater Hwy.
Ionia, Michigan 48846

Clerk of the Court
U.S. District Court
Eastern District of Michigan
Theodore Levin United States Courthouse
231 West Lafayette Blvd.
Detroit, Mich. 48226.

USPS TRACKING #

9114 9999 9170 3103 1217 68

UNITED STATES
POSTAL SERVICE

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 19-11762 | **Judge:** Matthew F. Leitman | **Magistrate Judge:** Patricia T. Morris |

| **Name of 1st Listed Plaintiff/Petitioner:**<br>JEFFREY TODD DENTEN | **Name of 1st Listed Defendant/Respondent:**<br>JOHN DAVIS |
|---|---|
| **Inmate Number:** 288247 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br>Ionia Maximum Correctional Facility<br>1576 W. Bluewater Highway<br>Ionia, MI 48846<br>IONIA COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☒ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   - ☐ Yes   ☒ No
   - ➤ If yes, give the following information:
      - Court: _____
      - Case No: _____
      - Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   - ☐ Yes   ☒ No
   - ➤ If yes, give the following information:
      - Court: _____
      - Case No: _____
      - Judge: _____