## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JEFFREY DENTON,[1]

              Petitioner,            Case No. 19-cv-11762
                                      Hon. Matthew F. Leitman

v.

JOHN DAVIDS,

              Respondent.

_____/

## OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION FOR DISMISSAL (ECF No. 7), (2) DENYING CERTIFICATE OF APPEALABILITY, (3) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS, (4) GRANTING PETITIONER'S MOTION TO AMEND THE CASE CAPTION (ECF NO. 10), AND (5) AMENDING CASE CAPTION

Petitioner Jeffrey Denton is a state prisoner in the custody of the Michigan Department of Corrections. In 1999, a jury in the Genesee County Circuit Court convicted Denton of three counts of first-degree criminal sexual conduct, Mich.

---

[1] Denton has moved to amend the case caption to reflect the correct spelling of his name, which was misspelled as "Denten" in the petition. (*See* Denton Mot., ECF No. 10.) The Court **GRANTS** the motion and amends the caption to reflect the correct spelling of Denton's name. In addition, the proper respondent in a habeas action is the state officer having custody of the petitioner. *See* Rule 2, Rules Governing Section 2254 Cases. The warden of Denton's present place of incarceration is John Davids. The Court therefore also amends the case caption to substitute John Davids as the proper Respondent.

Comp. Laws § 750.520b(1)(a).  The state trial court then sentenced Denton as a second habitual offender to three concurrent terms of 40 to 60 years imprisonment.

On June 8, 2019, Denton filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.)  In the petition, Denton claims that the prosecution withheld a medical report which would have established, by clear and convincing evidence, that the victim in this case was never sexually assaulted. (*See id.*, PageID.21.)  He insists that his petition is timely filed, and, in the alternative, that the Court should excuse any untimeliness because he is actually innocent. (*See id.*, PageID.27-29.)

The matter is now before the Court on Respondent's motion to dismiss the petition as untimely under the one-year statute of limitations applicable to federal habeas corpus actions. (*See* Mot. to Dismiss, ECF No. 7.)  For all of the reasons stated below, the petition is untimely.  The Court therefore **GRANTS** Respondent's Motion to Dismiss.  The Court further **DENIES** Denton a certificate of appealability.  However, the Court **GRANTS** Denton permission to appeal *in forma pauperis*.

## I

Denton's convictions arise from the sexual assaults of his fiancée's eight-year old daughter over the course of several months in 1998.  Following his convictions and sentencing in Genesee County Circuit Court, Denton filed an appeal of right with the Michigan Court of Appeals.  That court affirmed his convictions. *See People*

*v. Denton*, 2001 WL 665189 (Mich. Ct. App. May 22, 2001).  Denton then filed an application for leave to appeal with the Michigan Supreme Court.  That court denied the application. *See People v. Denton*, 640 N.W.2d 873 (Mich. Feb. 4, 2002).

On August 4, 2014, Denton filed a motion for relief from judgment with the state trial court.[2]  (*See* ECF No. 8-7.)  That court denied the motion on October 15, 2014. (*See* ECF No. 8-8.)  Both the Michigan Court of Appeals and the Michigan Supreme Court denied Denton's applications for leave to appeal the trial court's decision.  *See People v. Denton,* Case No. 326707 (Mich. Ct. App. June 22, 2015); *People v. Denton*, 880 N.W.2d 567 (Mich. 2016).

On June 24, 2017, Denton filed a second motion for relief from judgment with the state trial court.[3]  (*See* ECF No. 8-10.)  The trial court denied the motion on July

---

[2]  Denton signed and dated the motion for relief from judgment on August 4, 2014. (*See* ECF No. 8-7, PageID.500.)  The state court received the motion for filing on August 25, 2015.  (*See id.*, PageID.494.)  The federal prison mailbox rule provides that submissions by *pro se* prisoners are considered filed on the date they are given to prison officials for mailing. *See Houston v.* Lack, 487 U.S. 266, 271-72 (1988). Courts in this district disagree about whether this rule applies to a motion for relief from judgment filed in a Michigan state court.  Compare *Shaykin v. Romanowski,* Case No. 14-cv-193381, 2016 WL 193381, *5  (E.D. Mich. Jan. 14, 2016) (applying prison mailbox rule to filing of motion for relief from judgment in state court) with *Smith v. Palmer*, Case No. 12-cv-11036, 2015 WL 5707105, at *5 (E.D. Mich. Sept. 29, 2015) (concluding that prison mailbox rule did not apply to motion for relief from judgment filed in state court).  The Court need not resolve this issue because even if the Court applies the prison mailbox rule and gives Denton the benefit of an August 4, 2014, filing date, the petition filed in this Court would still be untimely.

[3] The motion was received for filing in the state trial court on June 29, 2017.  As with Denton's first motion for relief from judgment, the Court need not resolve the

27, 2017. (*See* ECF No. 8-11.)  Denton then filed applications for leave to appeal with the Michigan Court of Appeals and Michigan Supreme Court.  Both state appellate courts denied the applications. *See People v. Denton*, Case No. 340066 (Mich. Ct. App. Sept. 28, 2018); *People v. Denton*, 917 N.W.2d 54 (Mich. Sept. 12, 2008).

Denton filed his habeas corpus petition in this Court on June 8, 2019. (*See* Pet., ECF No. 1.)  Respondent has filed a motion to dismiss the petition as untimely. (*See* Mot. to Dismiss, ECF No. 7.)  Denton did not file a reply, but he addressed the timeliness question in his petition. (*See* Pet., ECF No. 1, PageID.10-12.)

## II

## A

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996, and it applies to Denton's petition.  AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state-court judgments. AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

---

applicability of the prison mailbox rule because giving Denton the benefit of this rule does not impact the statute-of-limitations analysis.

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Absent equitable tolling or another exception to AEDPA's limitations period, a habeas petition filed outside this prescribed time period is subject to dismissal. *See Jurado v. Burt*, 337 F.3d 638 (6th Cir. 2003) (holding that habeas petitioner was not entitled to equitable tolling and affirming dismissal of habeas petition as untimely filed).

**B**

As noted above, AEDPA's one-year statute of limitations begins to run from the latest of four triggering events. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).  The first and fourth triggering events are relevant to Denton's petition here.[4]  Respondent says that subsection (A) applies because the latest relevant event was the date on which Denton's conviction became final upon the conclusion of direct review.  That date was more than sixteen years before Denton filed his petition here.  Denton counters that subsection (D) applies because, through the exercise of due diligence, he did not discover the factual predicate of his claim that the prosecution failed to turn over the victim's medical record until long after his convictions became final on direct review.  He therefore says his discovery of that evidence is the latest relevant event. The Court disagrees with Denton.

Denton's reliance on subsection (D) is misplaced.  As quoted above, that section provides that, where applicable, the limitations period shall run from the "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Denton claims that the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963),

---

[4]  Denton does not allege that a state-created impediment prevented him from filing a timely petition, nor does he rely on a newly recognized constitutional right. Subsections (B) and (C) are therefore inapplicable to the Court's analysis of the limitations issue.

when it failed to turn over to his defense a medical report, dated January 9, 1999. That medical report concerned the victim's evaluation at the Hurley Medical Center emergency room for possible sexual assault, and it stated that no abnormalities were detected. (*See* ECF No. 1, PageID.25-27.)  Denton claims that he was not previously aware of the existence of the report, and he insists that AEPDA's limitations period did not begin until he discovered the report.[5]  But the record shows that both the victim's examination at the Hurley Medical Center and the medical report were known to the defense at the time of trial in 1999.  Indeed, Denton's counsel specifically elicited testimony from a prosecution witness that (1) a report was created after the victim's examination at Hurley Medical Center and (2) the report indicated that there were "no abnormalities" found during the examination. (ECF No. 8-4, PageID.419-20.)  Denton therefore presented evidence to the jury that the report supported his theory that the victim was not assaulted.  In addition, the victim's mother testified that she took the victim to Hurley Medical Center for an examination. (*See id.*, PageID.394-95.)  Finally, Denton's counsel referenced the victim's examination at Hurley Medical Center during closing arguments. (*See* ECF No. 8-5, PageID.455.)  Thus, the defense not only clearly knew about the victim's

---

[5]  Although Denton argues that discovery of the medical report triggered ADEPA's statute of limitations, he fails to specify the date when the report became known to him.  The Court need not resolve this question because, as discussed *infra*, Denton's defense was aware of the report at the time of trial.

examination and the resulting medical report at the time of trial, it presented evidence about both to the jury. Because Denton was aware of the report at the time of trial, the latest relevant event for purposes of AEDPA's statute of limitations cannot be Denton's discovery of that evidence. Thus, Denton cannot rely on Section 2244(d)(1)(D) as the starting point for AEDPA's statute of limitations.

The latest relevant event here was the date Denton's conviction became final under subsection (A). *See* 28 U.S.C. § 2244(d)(1)(A). Denton's conviction became final on May 5, 2002, *i.e.* 90 days after the Michigan Supreme Court denied his application for leave to appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (a conviction becomes final when "the time for filing a certiorari petition expires"). Denton had one year from that date to timely file his federal habeas petition. He failed to file his petition within that time period. Nor did Denton take any action during that period that would have tolled AEDPA's statute of limitations, such as pursuing collateral review in state court during that time. Thus, AEPDA's limitations period expired on May 5, 2003. Denton did not file his petition until more than sixteen years later, on June 8, 2019. (*See* Pet., ECF No. 1.) The petition is therefore untimely.

## C

Denton argues, in the alternative, that his showing of actual innocence excuses the untimeliness of the petition. *See*, *e.g.*, *McQuiggin v. Perkins*, 569 U.S. 383, 392

8

(2013) (holding that a showing of actual innocence can overcome AEDPA's statute of limitations).  A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted).

Denton has failed to meet the *Schlup* standard here.  He relies entirely on the allegedly withheld medical report.  And he insists that the report demonstrates his innocence because the treating physician did not see evidence of sexual assault.  But, as discussed above, the report was not withheld from Denton's defense at trial and its contents were presented to the jury.  The evidence is therefore not "new."  The jury considered this evidence at Denton's trial and nonetheless found him guilty.

In sum, Denton filed this petition more than sixteen years after the AEDPA limitations period expired, and the Court finds no basis to excuse his untimely filing. The Court will therefore **GRANT** Respondent's motion and dismiss the petition.

## III

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (a "COA") is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing

9

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See id*. In this case, jurists of reason could not find debatable the Court's procedural ruling that the petition is untimely. The Court therefore **DENIES** Denton a certificate of appealability.

A court may grant a petitioner leave to proceed on appeal *in forma pauperis* if it finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. 24(a). "Good faith" is judged objectively and an appeal is not taken in good faith if the issue presented is frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1961). The Court finds that an appeal could be taken in good faith. Denton may therefore proceed *in forma pauperis* on appeal. *See id.*

## IV

For all of the reasons stated above, the Court holds that Denton's habeas petition is untimely. Accordingly, the Court **GRANTS** Respondent's motion to

dismiss (ECF No. 7) and **DISMISSES** the petition (ECF No. 1) **WITH PREJUDICE**.

The Court further **DENIES** Denton a certificate of appealability.  But it **GRANTS** him leave to appeal *in forma pauperis*.

The Court further **DIRECTS** the Clerk of Court to correct the case caption to: Jeffrey Denton v. John Davids.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  May 27, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 27, 2020, by electronic means and/or ordinary mail.

s/ Holly A. Monda
Case Manager
(810) 341-9764